IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LYNDSIE ALFORD,

      Plaintiff,

v.                                 CIVIL ACTION NO.:

HOME DEPOT U.S.A., INC.,

      Defendant.
_____/

## COMPLAINT

Plaintiff, Lyndsie Alford, (hereinafter referred to as the "Plaintiff" or "Alford"), by and through her undersigned attorney, sues Defendant, Home Depot U.S.A., Inc., (hereinafter referred to as the "Defendant" or "Home Depot") and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to remedy acts of discrimination and retaliation pursuant to the provisions of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

### JURISDICTION AND VENUE

2. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f).

1

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k) and Fed. R. Civ. P. 54.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), and because the unlawful employment practices were committed in this judicial district. This court further has jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction) as those claims form part of the same case or controversy.

6. All conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f). Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202233725) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D202200558) on March 11, 2022. On September 2, 2022, Plaintiff received a Notice of Determination from FCHR pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested her 90-day Notice of Right to Sue letter from the EEOC which was received on December 5, 2022.

## *PARTIES*

7. Plaintiff is a Caucasian female and a citizen of the State of Florida, who resides in Okaloosa County, Florida.

8. Defendant, Home Depot U.S.A., Inc., is a corporation that is licenses to do and does business in the State of Florida, Okaloosa County.

9. Defendant, Home Depot U.S.A., Inc., is an employer within the meaning of, and as defined in, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, as it employees in excess of fifteen (15) employees, and the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105, as it employees in excess of ten (10) employees.

## *GENERAL FACTS*

10. Plaintiff is a 32 year old Caucasian female.

11. Plaintiff was employed by Home Depot USA, Inc. ("Home Depot") in Destin, Florida as a merchandise associate from December 17, 2021, until February 16, 2022.

12. During Plaintiff employment with Home Depot, she performed her duties and responsibilities in a satisfactory manner.

13. Shortly after Plaintiff started her employment with Defendant, her supervisor, Shane Baker, informed her that he had told all of her coworkers that she had previously worked in the "adult film industry."

14. Shortly after this, Plaintiff's coworkers began to treat her differently.

15. Multiple male coworkers would make sexual comments and ask inappropriate questions about her prior career.

16. Other coworkers told her she was "gross" and couldn't be around her because of her former work.

17. After being continuously harassed by her coworkers, Plaintiff informed Mr. Baker about what was going on, but instead of dealing with the issue, he tried to coerce Plaintiff into having sex with him and date him.

18. After refusing Mr. Baker's sexual advances and refusing to have sex with him, things began to escalate where he became very aggressive with Plaintiff and continued to make sexual comments to and about her.

19. Mr. Baker continued to degrade Plaintiff and tell her that she had no right to speak up about the harassment as she "meant zero percentage" to the company and was a worthless employee and person.

20. One morning, during mandatory training, Plaintiff had to approach Mr. Baker to him ask a question. He became annoyed and angry with her proceeded to grab her mouth, arm, and breast.

21. Plaintiff contacted Defendant's HR hotline and filed a complaint.

22. Plaintiff spoke to 2-3 managers who were calling her from unknown numbers.

23. Plaintiff told Defendant everything that been happening from the sexual harassment, assault and advances to the sexual comments made to and by co-workers because of Mr. Barker.

24. Plaintiff also informed Defendant about Mr. Baker's recent assaul her after a training module and how she had to walk away from the training desk, and went to the bathroom while crying and trying to calm herself down.

25. She informed Defendant that Mr. Barker constantly made horrible, degrading, and perverted comments to her and her co-workers and on multiple occasions tried to grab her breasts, talked about her butt, and touched her on areas of her body.

26. During the investigation, Plaintiff started to become uncomfortable due to Defendant's aggressive tactics with her.

27. The managers were being extremely pushy/passive aggressive, accusatory and one sided with her instead of helping her during this horrible situation.

28. Defendant allowed Mr. Barker to continue working despite his sexually aggressive and physically abusive behavior and treatment of Plaintiff.

29. Since Defendant did not terminate Mr. Barker and she had to continue to work with him, Plaintiff feared for her safety and of continued sexual harassment, so on February 16, 2022, she resigned her position with Defendant.

## FIRST CAUSE OF ACTION
### (Title VII - Gender Discrimination)

30. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 6 through 29 of this complaint with the same force and effect as if set forth herein.

31. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of the Title VII of the Civil Rights Act of 1964.

32. Plaintiff is a Caucasian female.

33. Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual harassment of Plaintiff by Mr. Baker.

34. During Plaintiff's employment with Defendant, she was subject to unwelcome sexual harassment including being physically assaulted by Mr. Baker.

35. No male employees were the subject of harassment at Defendant's store.

36. The harassment Plaintiff was subjected to was sufficiently severe and pervasive as Mr. Baker's actions were continual and on a regular basis while employed by Defendants.

37. Plaintiff reported the workplace harassment on more than one occasion and that the continued harassment was causing her anxiety and stress each time Mr. Baker worked with her. Defendant's failure to act on Mr. Baker's behavior

6

further resulted in tension and hostility towards Plaintiff from Mr. Baker and other staff members.

38. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
### (Title VII - Retaliation)

39. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 6 through 29 of this complaint with the same force and effect as if set forth herein.

40. Defendant retaliated against Plaintiff for availing herself of the protections afforded her pursuant Title VII of the Civil Rights Act of 1964.

41. Plaintiff objected to, and refused to participate in, any activity, policy, or practice of the employer which is in violation of a law, rule or regulation.

42. Plaintiff is a Caucasian female.

43. Plaintiff's workplace permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual harassment of Plaintiff by Mr. Baker.

44. During Plaintiff's employment with Defendant, she was subject to unwelcome harassment and was physically assaulted by Mr. Baker.

45. No male employees were the subject of harassment at Defendant's

restaurant.

46. The harassment of Plaintiff was sufficiently severe and pervasive as Mr. Baker harassment and physical assaults and threats were continual while Plaintiff was employed by Defendant.

47. Plaintiff reported the workplace harassment and physical assaults on more than one occasion and that the continued harassment was causing her anxiety and stress each time Mr. Baker came into the restaurant. Defendant's failure to act on Plaintiff's complaints actions further resulted in tension and hostility towards Plaintiff by Mr. Baker and other staff members.

48. After having been sexually harassed and physically assaulted by Mr. Baker Plaintiff filed a complaint with Defendant's HR hotline.

49. Since Defendant did not terminate Mr. Barker and she had to continue to work with him, Plaintiff feared for her safety and of continued harassment, so on February 16, 2022, she resigned her position with Defendant.

50. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

### THIRD CAUSE OF ACTION
*(Title VII Sexual Harassment/ Hostile Work Environment)*

51. Plaintiff repeats and re-alleges each and every allegation contained in paragraph 6 through 29 of this complaint with the same force and effect as if set

forth herein.

52. Defendant discriminated against and sexually harassed Plaintiff in the terms and conditions of her employment through continued and ongoing adverse actions and treatment by Defendant in violation of the Title VII of the Civil Rights Act of 1964.

53. Plaintiff is a Caucasian female.

54. Plaintiff's workplace was permeated with discriminatory intimidation, ridicule, and insult, as the result of Defendant's continued failure to address and stop the continual sexual harassing and sexually derogatory and demeaning name calling of Plaintiff by Mr. Baker.

55. After continuous harassment from her coworkers, Plaintiff informed Mr. Baker about what was going on, but instead of dealing with the issue, he tried to coerce Plaintiff into having sex with him and date him, but because she kept refusing his advances, things began to escalate.

56. After Plaintiff told Mr. Baker she would not have sex with him, there were multiple instances in which he became very aggressive with her and continued to make sexual comments to and about her.

57. No male employees were the subject of harassment at Defendant's restaurant.

58. The harassment of Plaintiff was sufficiently severe and pervasive as

Mr. Baker's sexual harassing and sexually derogatory and demeaning actions were continual and on a regular basis while employed by Defendant.

59. Plaintiff reported the workplace physical assaults and sexual harassment on more than one occasion and that the continued harassment was causing her anxiety and stress each time Mr. Baker worked with her. Defendant's failure to act on Mr. Baker's behavior further resulted in tension and hostility towards Plaintiff from Mr. Baker and other male staff members.

60. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practice unless and until this Court grants relief.

## FOURTH CAUSE OF ACTION
(VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLE-BLOWER'S ACT
*Fla. Stat. Sections* 448.101—448.105- against PBSS)

61. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 7 through 29 of this complaint with the same force and effect as if set forth herein.

62. This is an action for a violation of the Florida Private Sector Whistle-blower Act, *Fla. Stat. Sections* 448.101—448.105.

63. At all material times herein, Plaintiff was an employee of the Defendant within the meaning of *Florida Statute Section* 448.101(3).

64. At all material times herein, Defendant was an employer, within the meaning of *Florida Statute Section* 448.101(3).

65. Most recently, Plaintiff was employed as a merchandise associate and she was qualified for the position.

66. During her employment, Plaintiff reported and objected to Defendant's management and corporate human resources the harassment and assault and battery by a male employee, thus creating an unsafe workplace by exposing Plaintiff to an individual that physically assaulted and battered her.

67. After Plaintiff's reporting and objections, which were based upon the reasonable and good faith beliefs of the Plaintiff, that the applicable federal and state law had been violated, for Defendant's management's failure to stop the harassment and provide a safe place to work.

68. Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely the Occupational Safety and Health Act's (OSH Act) General Duty Clause, 29 U.S.C. § 654.

69. OSHA General Duty Clause, Section 5 (a) (1) of the Occupational Safety and Health Act, requires that each employer furnish to each of its employees a workplace that is free from recognized hazards that are causing or likely to cause death or serious physical harm.

70. The first subpart of 29 USCS § 654(a) is known as "general duty" clause; the duty imposed by § 654(a)(1) is considered "general" because it asks employers to protect employees from all kinds of serious hazards, regardless of source.

71. The general duty clause, 29 USCS § 654(a)(1), is stand-alone obligation with which employers must comply; it is in addition to "specific duty" clause in § 654(a)(2), which requires compliance with numerous regulations promulgated to prevent specific workplace hazards.

72. The general duty clause, 29 USCS § 654(a)(1), of Occupational Health and Safety Act of 1970, 29 USCS §§ 651 to 678, clearly places onus on employer to prevent hazards that could lead to death and serious bodily harm, even when such hazards are not covered by specific Occupational Health and Safety Act of 1970 regulations, when employer is not responsible for creating hazard, and when employer is not in best position to abate hazard.

73. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., Title VII prohibits covered employers from discriminating in employment on grounds of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)-(d). Title VII also protects employees associated with members of a protected class, such as employees who are married to or have a companion who is a minority.

74. Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq.,

75. The FCRA prohibits employers from discriminating against any person on the basis of race, color, religion, sex, pregnancy, national origin, age, handicap or marital status. Fla. Stat. § 760.10.

76. Plaintiff objected, according to a reasonable and *bona fide* good faith belief, to the activities, policies and or practices of the Defendant, which violated pertinent regulatory laws, rules and regulations, namely Fla. Stat. § 760.10.

77. Plaintiff's discharge was in close proximity to the aforementioned legal objections, in that Plaintiff was terminated after her continued objections to the Defendant regarding physical assault and continued retaliation and harassment in violations of applicable law, policy, rule and or regulation, in that Defendant had committed repeated and egregious violations and failure to abide by and carry out the regulatory mandates for employee workplace safety.

78. There was no legitimate business reason, or business justification, for implementing the termination of Plaintiff from her employment with Defendant; and Plaintiff's objections to Defendant's legal violations were consistently and reasonably made, in good faith.

79. The adverse personnel action, the termination of Plaintiff's employment, as described and set forth above, clearly violated *Florida Statute Section* 448.102(3); and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

80. As a result of the Defendant's violations of the Florida Private Sector Whistleblower Act, the Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from employment.

81. As a result of being wrongfully and unlawfully discharged from her employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

82. Plaintiff has retained the undersigned attorney to assist her in the prosecution of this action, and she is obligated to pay said attorney a reasonable fee for her professional services.

83. Plaintiff is entitled to recovery of reasonable attorney's fees and costs, pursuant to §448.104, *Florida Statutes*.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a) Declaring the acts and practices complained of herein are violation of Title VII and Florida Private Sector Whistleblower Act;

b) Enjoining and permanently restraining those violations of Title VII and Florida Private Sector Whistleblower Act;

c) Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

e) Awarding Plaintiff Front Pay in lieu of reinstatement;

f) Awarding Plaintiff compensatory damages;

g) Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

h) Granting such other and further equitable relief as the Court deems just and proper in the premises.

## *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: January 11, 2023.   By: */s/ Clayton M. Connors*
CLAYTON M. CONNORS
Florida Bar No.: 0095553
Email: cmc@westconlaw.com
**THE LAW OFFICES OF**
**CLAYTON M. CONNORS, PLLC**
4400 Bayou Blvd., Suite 32A
Pensacola, Florida 32503
Tel: (850) 473-0401
Fax: (850) 473-1388
*Attorney for the Plaintiff*